[Cite as *Cohn v. Dept. of Transp.*, 2011-Ohio-6574.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ALAN COHN

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-04282-AD

Acting Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} Plaintiff, Alan Cohn, filed this action against defendant, Ohio Department of Transportation (ODOT), contending that his 2004 BMW was damaged as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 77 in Summit County. In his complaint, plaintiff described the particular damage event noting that: "I was driving 65 mph south on I-77 near the Arlington Rd Exit (Akron, Ohio) when I hit a center-lane pothole. It was huge and was unavoidable. The impact led to a blowout (right rear). The impact was so severe I also bent the wheel." According to plaintiff, the incident occurred on March 8, 2011, at 10:30 p.m. Plaintiff seeks recovery of damages in the amount of $437.57, the stated cost for tire and wheel replacement parts. The filing fee was paid.

{¶2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's March 8, 2011 incident. Upon investigation, defendant located plaintiff's incident at "county milepost 6.73 or state milepost 120.22 on I-77 in Summit County." Defendant denied receiving any prior calls or complaints about a pothole or potholes in the vicinity of that location despite the fact that "[t]his section of roadway has an average

daily traffic count" of over 90,000 vehicles. Defendant asserted that plaintiff did not offer any evidence to establish the length of time that any pothole existed in the vicinity of milepost 120.22 on I-77 prior to March 8, 2011. Defendant suggested that "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶3} Additionally, defendant contended that plaintiff did not offer any evidence to prove that the roadway was negligently maintained. Defendant advised that the ODOT "Summit County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered in the vicinity of plaintiff's incident the last time that section of roadway was inspected prior to March 8, 2011. The claim file is devoid of any inspection record. Defendant argued that plaintiff has failed to offer any evidence to prove that his property damage was attributable to any conduct on the part of ODOT personnel. Defendant stated that, "[a] review of the six-month maintenance history [record submitted] for the area in question reveals that three (3) pothole patching operations were conducted in the southbound direction of I-77." Defendant noted, "that if ODOT personnel had detected any defects they would have been promptly scheduled for repair."

{¶4} Plaintiff did not file a response.

{¶5} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976),

49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise conditions or defects alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole on I-77 prior to March 8, 2011.

{¶8} Therefore, to find liability, plaintiff must prove that ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶9} In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD . Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard* at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183.

{¶10} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general

sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Evidence submitted in another claim, 2011-05416-AD, suggests that the defect plaintiff's car struck was present on the roadway before 10:30 p.m. on March 8, 2011. In claim 2011-05416-AD the plaintiff's vehicle struck a pothole at milepost 120.22 on Interstate 77 south at approximately 1:15 p.m. on March 5, 2011.

{¶11} The trier of fact finds that defendant had constructive notice of the damage-causing defect at milepost 120.22 on Interstate 77. Evidence has shown that the defect was present on the roadway at least three days before plaintiff's incident. The trier of fact finds that sufficient time elapsed from the time the condition first appeared until plaintiff's damage event to establish constructive notice.

{¶12} Accordingly, the court concludes that defendant is liable to plaintiff for all damages claimed, $437.57, plus the $25.00 filing fee costs. *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.



Court of Claims of Ohio

The Ohio Judicial Center

65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ALAN COHN

     Plaintiff

     v.

DEPARTMENT OF TRANSPORTATION

     Defendant
     Case No. 2011-04282-AD

Acting Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

     Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $462.57, which includes the filing fee. Court costs are assessed against defendant.

_____
DANIEL R. BORCHERT
Acting Clerk

Entry cc:

Alan Cohn
5137 Beechgrove Avenue N.E.
Canton, Ohio 44705

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

6/28
Filed 8/4/11
Sent to S.C. reporter 12/20/11